UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA L. MERLINI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CANADA,<br><br>　　　　　Defendant | Civ. A. No. |

## **COMPLAINT**

### PRELIMINARY STATEMENT

1.　　　Cynthia L. Merlini ("Merlini"), an American living in Massachusetts, worked for the Consulate General of Canada in Boston, an arm of the Government of Canada ("the Consulate") in a clerical position. In 2009, she was injured on the job and suffered a serious bodily injury that left her unable to work. The Consulate had not complied with the Massachusetts workers' compensation statute by purchasing workers' compensation insurance or by obtaining a license as a self-insurer. Nor had it ever complied with the provisions of the workers' compensation statute requiring it to notify Merlini of her rights under Massachusetts law. Instead, in disregard of the law, which obligates foreign consulates to comply with the workers' compensation statutes just as all other employers must, the Consulate instructed all its American employees, including Merlini, to apply to the Canadian government for benefits in the event of a workplace accident. In sum, the Consulate was acting as a self-insurer without obtaining a license. It ignored Massachusetts law outright, apparently because it believed, wrongly, that its status as a foreign consulate provided it with immunity from the otherwise routine application of Massachusetts law. In this action, Merlini seeks damages to compensate her for her workplace injury.

## JURISDICTION

2.      Canada is a foreign state. On information and belief, the Consulate is an arm of the Canadian government but is not a legal entity separate from the Government of Canada itself with the capacity to sue or be sued.

3.      This action is based on Canada's commercial activities in the United States, namely, its employment of Merlini at the Consulate, as is more fully alleged below. The commercial activity exception to foreign sovereign immunity, 28 U.S.C. § 1605(a)(2), applies.

4.      In the alternative, this is an action against a foreign state for personal injury occurring in the United States and caused by the tortious acts or omissions of Canada or its employees or officials while acting within the scope of office or employment, as is more fully alleged below. The non-commercial tort exception to foreign sovereign immunity, 28 U.S.C. § 1605(a)(5), applies.

5.      The Court has jurisdiction of this action under 28 U.S.C. § 1330(a).

## FACTS

A.      The Consulate.

6.      The Consulate is Canada's consular post for New England (excluding Connecticut). Its office is in Boston. The mandate of the Consulate is to promote Canada's interests in the region, including advancing political, economic, academic, and cultural ties, promoting trade and investment, and providing consular assistance to Canadians.

B.      Merlini's Job at the Consulate.

7.      Merlini was hired by the Consulate in 2003. She was assistant to the Consul General. She was hired in Massachusetts, and her place of work was in Massachusetts.

8.      Merlini is an American citizen and a resident of Massachusetts. She is not a Canadian citizen or national.

9.      Her duties were clerical, and comparable to the duties of the secretary or assistant to an executive at any private business. For example, she answered the telephone, maintained files, typed letters, and performed other secretarial tasks.

10.     Indeed, at the time of the accident, she was setting up a coffee and tea service for a meeting the Consul General was to attend.

11.     Merlini was not a consular officer, nor did she perform any governmental, consular, diplomatic, or other official tasks.

12.     She took no competitive examination before being hired, was not entitled to tenure, and was not entitled to the same benefits as a foreign service officer.

C.      The Accident.

13.     On January 22, 2009, at the Consulate's office, Merlini was setting up a coffee and tea service for a meeting that was to be held at the Consulate.

14.     In the room, a speakerphone was on a table. The cord of the speakerphone ran across the floor of the room.

15.     An employee of the Consulate negligently failed to secure the speakerphone cord to the floor. The decision—if it was a conscious decision—not to secure the cord in a safe manner was not the exercise of any discretionary function.

16.     Merlini tripped over the unsecured cord, got tangled in the cord, and fell, striking a credenza.

17.     As a result of the accident, she suffered a serious bodily injury that has rendered her unable to work.

18.     Merlini's damages, which she seeks in this action, include physical and mental pain and suffering, medical and related expenses, past and future lost wages and benefits, physical dysfunction, and loss of earning capacity.

D.     The Consulate's Failure to Comply with the Workers' Compensation Statute.

19.     Under Massachusetts's workers compensation statute, all employers, with limited exceptions not applicable here, are required either to purchase workers' compensation insurance or to obtain a license as a self-insurer.

20.     The Consulate did neither. At the time of the accident—and, on information and belief, at all other times—the Consulate has been uninsured under the Massachusetts statute.

21.     The statute also requires employers to notify employees of their rights under the statute. For example, the statute requires employers to notify new employees that the employer has provided for payment of workers' compensation either through an insurer or through self-insurance in accordance with the statute. It also requires employers to provide a notice to the employee as well as to the Massachusetts government within seven days of receipt of notice of a workplace injury. The Consulate did neither of these things. The only notices relating to workers' compensation that the Consulate ever provided to Merlini related to benefits provided under a Canadian statute.

22.     Merlini was unaware of her rights under Massachusetts law at the time of her injury.

E.     Prior Litigation

23.     Merlini initially received benefits from the Government of Canada under Canadian law from shortly after the accident until October 2009, when the Government of Canada ceased paying benefits.

24.     Because the Consulate was uninsured under Massachusetts law, Merlini brought a claim against the Workers' Compensation Trust Fund seeking total incapacity benefits. Canada participated in the proceedings. An administrative judge in the Department of Industrial Accidents found that Merlini was entitled to permanent and total incapacity benefits and other benefits under the Massachusetts workers' compensation law. After lengthy proceedings, including two decisions

by the DIA Reviewing Board and an appeal to the Appeals Court, the Appeals Court held, in an unpublished decision, that Merlini was not entitled to benefits from the Trust Fund because the Trust Fund's statute, G.L. c. 152, § 65(2)(e)(i), provides that the Trust Fund is not liable if the claimant was "entitled to workers' compensation benefits in any other jurisdiction." *Merlini's Case,* 89 Mass. App. Ct. 1130 (2016) (mem.). The court did not reach the Trust Fund's claim that Canada had foreign sovereign immunity or its claim that the Consulate was not an "uninsured employer" under the worker's compensation law.

25.     Merlini's entitlement to benefits under Canadian law, as found by the Appeals Court, is not a defense to Merlini's claim for personal injury against the Consulate, as it was to her claim for benefits against the Trust Fund.

Count One<br>G.L. c. 152, § 66

26.     Merlini incorporates the allegations of paragraphs 1 to 25.

27.     The Consulate, and thus Canada, is an employer for purposes of G.L. c. 152, § 66.

28.     The Consulate, and thus Canada, was uninsured under the worker's compensation law of Massachusetts.

29.     Merlini was the Consulate's, and thus Canada's, employee.

30.     Merlini suffered a personal injury in the course of her employment.

31.     Merlini has suffered damages as a proximate result of the personal injury in the course of her employment.

32.     The Consulate, and thus Canada, is strictly liable for Merlini's damages, without regard to fault.

<u>DEMAND FOR RELIEF</u>

Therefore, the plaintiff demands judgment against the defendant for damages in an amount to be determined at trial, plus interest, costs, and all other relief to which she may be entitled at law or in equity.

Respectfully submitted,

CYNTHIA L. MERLINI

By her attorney:


/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tfolkman@murphyking.com


Dated: March 27, 2017
724242