IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| Cynthia L. Merlini, | |
|---|---|
| Plaintiff, | Case No. 1:17-cv-10519-NMG |
| v. | The Honorable Nathaniel M. Gorton |
| Canada, | **Leave to File Granted on July 13, 2017** |
| Defendant. | |

**DEFENDANT CANADA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Canada's decision on how to provide workers' compensation for its employees in diplomatic missions in the United States and across the world is a sovereign policy decision that renders Canada immune from suit under the Foreign Sovereign Immunities Act ("FSIA"). This point stands unrebutted.[1] Plaintiff's opposition to Defendant's motion to dismiss rests entirely on the faulty premise that her complaint is "based upon" a workplace accident and the failure to secure a phone cord, *and not* whether Canada violated Massachusetts' workers' compensation law by failing to obtain local insurance or registering as a self-insurer. (Opp. at 9, 15, 18, ECF No. 15). Plaintiff's argument is belied by both her complaint and the opposition itself.

The central question in this case is whether Canada acted as an uninsured employer as defined by Massachusetts Workers' Compensation in connection with its provision of benefits for diplomatic employees through its own government compensation system. As the one-count Complaint recognizes, the Massachusetts' workers' compensation law under which Plaintiff sues premises liability not on whether an employer acted negligently or was at fault for some

---

[1] *See Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded."); *United States v. Hartford Accident & Indem. Co.*, 168 F. Supp. 3d 824, 842 (D. Md. 2016) ("Litigants ignore arguments in dispositive motions at their peril.").

1

employee workplace injury, (Compl. ¶ 32), but instead on whether Canada "complied with the Massachusetts workers' compensation statute by purchasing workers' compensation insurance or by obtaining a license as a self-insurer" (Compl. ¶¶ 1, 27-28). Despite Plaintiff's formulaic arguments to the contrary, Plaintiff implicitly recognizes this point by spending several pages in opposition to Canada's motion to dismiss relitigating the merits of whether Canada was required to comply with the Massachusetts workers' compensation law by obtaining local insurance or registering as a self-insurer. (*See* Opp. at 12-15).

Plaintiff's focus on Canada's decision relating to workers' compensation insurance for locally-engaged staff makes sense. Plaintiff has no negligence claim, and brings only one count under the Massachusetts' workers' compensation statute that *only allows a private right of action* against uninsured employers as defined by the statute. *See* M.G.L. c. 152, §§ 66, 67. As such, Plaintiff's claim is "based upon" Canada's sovereign decision relating to the provision of workers' compensation insurance for locally-engaged staff. *See OBB Personenverkehr AG v. Sachs*, 136 S. Ct. 390, 395 (2015) ("[A]n action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the suit."). That decision is entitled to sovereign immunity.

Plaintiff's attempt to save her case from FSIA immunity by arguing that her action is *actually* based on a workplace accident is misplaced. Plaintiff's reliance on garden-variety employment cases to support her position highlights that this is not a case where an exception to the FSIA applies. The plaintiff in *Holden v. Canadian Consulate*, 92 F.3d 918 (9th Cir. 1996) brought claims for sex and age discrimination. Similarly, the plaintiffs in *Segni v. Commercial Office of Spain*, 835 F.2d 160 (7th Cir. 1987), and *El-Hadad v. United Arab Emirates*, 496 F.3d 658 (D.C. Cir. 2007), brought claims for breach of employment contracts. It makes sense that in cases involving employment claims the courts would focus on the nature of the injury and the

employment relationship. The cases that Plaintiff cites, however, are not relevant because Plaintiff's claims are based on Canada's decision on how best to provide workers' compensation insurance to diplomatic employees, which is a purely sovereign decision to which neither of the asserted exceptions to FSIA immunity applies.

Finally, in response to Canada's assertion of issue preclusion, Plaintiff argues that the administrative Reviewing Board's holding that Canada was not an "uninsured employer" as defined by Massachusetts law should not have preclusive effect because it was not "essential" or "necessary" to the decision under the First Circuit's opinion in *Rutanen v. Baylis (In re Baylis)*, 217 F.3d 66 (1st Cir. 2000). However, the court in *Baylis* found against preclusive effect because the Supreme Judicial Court was acting as the direct appellate court when it did not affirm the probate court's alternative finding. *Id.* at 71. Here, the Reviewing Board acted in a direct appellate capacity when it reviewed the administrative judge's holding (*i.e.* the "court of first instance") and the Massachusetts Appeals Court then reviewed that decision. *In re Merlini*, 89 Mass. App. Ct. 1130, 54 N.E.3d 606 (2016). That the SJC acted as the court of first instance was significant in *Baylis* because the court expressly cast doubt on the alternative holding at issue. The First Circuit court reasoned that the SJC's "skeptical view" of the probate court's holding supported the finding of non-preclusion because "[a]lternative holdings from a court of first instance may not have considered each determination 'as carefully or rigorously' as it would have if each had been essential to the result." *Baylis*, 217 F.3d at 72.

Here, those issues are not at play because the Reviewing Board, acting as an appellate body, carefully and rigorously considered whether Canada was an "uninsured employer" as defined by Massachusetts law. *See Merlini v. Consulate General of Canada*, No. 035748-09, 2015 WL 1781184, at *3-4 (Mass. Dept. Ind. Acc. Apr. 9, 2015). The Massachusetts Appeals

3

Court did not cast any doubt on the propriety of the decision, but merely did not reach it. *In re Merlini*, 89 Mass. App. Ct. 1130, 54 N.E.3d 606. Accordingly, even applying the holding in *Baylis*, the Reviewing Board's holding is nonetheless entitled to preclusive effect.

For these reasons and those stated more fully in Canada's motion to dismiss and memorandum in support, the Court should dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

Dated: July 13, 2017

/s/ *Benjamin Horowitz*
D.E. Wilson, Jr. (*pro hac vice*)
Andrew E. Bigart (*pro hac vice*)
Benjamin Horowitz (*pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue
Washington, D.C. 20001
Telephone: (202) 344-4819
Facsimile: (202) 344-8300
dewilson@venable.com
aebigart@venable.com
behorowitz@venable.com

/s/ *Chrisann Leal*
Chrisann Leal, BBO #566402
CURTIN, MURPHY & O'REILLY, P.C.
Park Square Building, 3rd Floor
Boston, Massachusetts 02116
Telephone: (617) 574-1700
Facsimile: (617) 574-1710
cleal@cmopc.com

## **Certificate of Service**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF).

*/s/ Benjamin Horowitz*
