United States District Court
District of Massachusetts

| | |
|---|---|
| Cynthia L. Merlini ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| Canada ) | 17-10519-NMG |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Cynthia Merlini ("Merlini" or "plaintiff") filed this action against the sovereign nation of Canada ("defendant") in March, 2017. She claims that during her employment by the Consulate General of Canada in Boston, an arm of the Government of Canada ("the Consulate"), she suffered an injury that left her disabled.

Pending before this Court is defendant's motion to dismiss for lack of jurisdiction. For the reasons that follow, defendant's motion to dismiss will be allowed.

**I. Background**

**A. Alleged Injury**

Merlini states that she is a United States citizen living in Massachusetts and that she is not a Canadian citizen or national. She worked for defendant at the Consulate in a

-1-

clerical position from 2003 to 2009. Her duties were secretarial and included answering the telephone, maintaining files and typing letters.

Merlini claims that on January 22, 2009, while preparing coffee and tea for a meeting at the Consulate's office, she tripped over an unsecured speakerphone cord and fell, striking a credenza. She alleges that as a result of that accident, she suffered a serious bodily injury that rendered her unable to work. In this action, Merlini seeks damages for physical and mental pain and suffering, medical expenses, past and future lost wages, physical dysfunction and loss of earning capacity.

**B.    Procedural History**

Merlini maintains she received benefits from the Government of Canada pursuant to Canadian law from March, 2009, until October, 2009, at which point the Government of Canada stopped paying her benefits. She did not appeal the discontinuation of benefits in Canada.

Merlini brought a claim against defendant in the Massachusetts Department of Industrial Accidents ("DIA"). She alleged that defendant neither purchased workers' compensation insurance nor obtained a license as a self-insurer, in violation of Massachusetts workers compensation law. M.G.L. c. 152. An administrative law judge ("ALJ") at DIA found Merlini was entitled to permanent and total incapacity benefits and other

benefits from the Massachusetts Workers' Compensation Trust Fund.

The DIA reviewing board reversed the ALJ's decision, finding that 1) Canada was not within the Commonwealth's personal jurisdiction, 2) Canada was not improperly uninsured because it had immunity under the Foreign Sovereign Immunities Act ("FSIA") and 3) Merlini had no claim because she was entitled to benefits under Canadian law. Merlini appealed the reviewing board's decision to the Massachusetts Appeals Court. In re Merlini, 154 N.E.3d 606 (Mass. App. Ct. 2016) (unpublished table opinion). The Massachusetts Appeals Court held that the DIA reviewing board correctly reversed the ALJ, concluding the reviewing board properly found Canadian law applied and that Merlini's remedy, if any, was against the Canadian government. Id. at *2. The Court did not address the issue of whether the Canadian government is subject to jurisdiction in the Commonwealth, id., and Merlini did not petition the Massachusetts Supreme Judicial Court for further appellate review.

On March 23, 2017, Merlini filed a complaint in this Court, alleging defendant violated M.G.L. c. 152, § 66. She claims defendant is strictly liable for her injuries because defendant was unlawfully uninsured under the Massachusetts workers' compensation statute.

-3-

Defendant filed a motion to dismiss in June, 2017, contending that 1) this Court lacks subject-matter jurisdiction to hear Merlini's claim, 2) the DIA Reviewing Board's decision precludes Merlini from bringing this case and 3) Merlini has failed to state a claim upon which relief can be granted. Because this Court agrees with defendant that it lacks subject-matter jurisdiction to hear plaintiff's case, it will address only that issue.

## II. Defendant's Motions to Dismiss for Lack of Subject-Matter Jurisdiction

### A. The Foreign Sovereign Immunities Act

Pursuant to Fed. R. Civ. P. 12(h)(3), if this Court "determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action." A defendant may present a defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b).

Pursuant to FSIA, 28 U.S.C. § 1602 et seq.,

> [s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States[.]

28 U.S.C. § 1604. In other words, a foreign sovereign defendant is "presumptively immune" from liability in the federal courts of the United States. Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993).

FSIA provides limited exceptions to a foreign sovereign's immunity, however, and these exceptions constitute "the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989). Relevant here are the commercial activity and tortious activity exceptions.

Under the commercial activity exception, a foreign state is not immune from jurisdiction of the United States courts when a foreign state's action is:

> [1)] based upon a commercial activity carried on in the United States; [2)] performed in the United States in connection with a commercial activity of the foreign state elsewhere [or 3)] outside the territory of the United States [and] in connection with a commercial activity . . . [that] causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2).

Under the tortious activity exception, a foreign state is not immune from jurisdiction of the United States courts when "money damages are sought against a foreign state for personal injury or death . . . occurring in the United States" that are caused by a tortious act or omission of that foreign state or its employee while acting withinin the scope of his/her employment. Id. § 1605(a)(5). The tortious activity exception, however, does not apply to a claim

>     based upon the exercise or performance or the failure to
>     exercise or perform a discretionary function regardless
>     of whether the discretion be abused.

Id. § 1605(a)(5)(A).

### B. The Commercial Activity Exception

Plaintiff avers that her claim falls within FSIA's commercial activity exception to foreign sovereign immunity. The parties do not dispute that defendant qualifies as a "foreign state" for purposes of the Act under 28 U.S.C. § 1605(3)(a). Plaintiff relies on the first clause of the commercial activities exception, claiming that defendant is liable for its commercial activities in Massachusetts.

An action is "based upon" commercial activity when that conduct forms the "basis" or "foundation" for a claim, and that "element[] of the claim, if proven, would entitle a plaintiff to relief under his theory of the case." Nelson, 507 U.S. at 357. In assessing whether a certain activity is commercial, "courts must look to the nature of the activity rather than its purpose." Fagot Rodriguez v. Republic of Costa Rica, 297 F.3d 1, 5-6 (2002) (internal citations omitted).

The court must address whether the foreign state's actions, regardless of the motive behind them, "are the type of actions by which a private party engages in trade and traffic or commerce." Republic of Arg. v. Weltover,

Inc., 504 U.S. 607, 614 (1992) (internal citations omitted) (emphasis in original). A sovereign state engages in commercial activity with respect to FSIA when "it exercises only those powers that can also be exercised by private citizens" rather than "powers peculiar to sovereigns". Nelson, 507 U.S. at 360 (internal quotation marks and citations omitted).

Plaintiff asserts that defendant violated M.G.L. c. 152, § 65(2)(e) by choosing not to purchase workers' compensation insurance and defendant is therefore strictly liable for her injuries. Id. Plaintiff contends that her claim is "based upon" defendant's decision to provide its own system of benefits to its employees. Nelson, 507 U.S. at 357. The determinative question is, therefore, whether defendant's decision not to purchase workers' compensation insurance is commercial in nature. Weltover, Inc., 504 U.S. at 614.

Defendant's decision to provide its own benefits does not fall under the commercial activities exception because the decision to create and organize a workers' compensation program is sovereign in nature. See Nelson, 507 U.S. at 361 (concluding abuse of power by police is sovereign in nature and does not fall within exception); cf. Weltover Inc., 504 U.S. at 614 (holding refinancing bonds is not sovereign in

nature and does fall within exception). A sovereign defendant's decision to offer and structure its own form of benefits is not comparable to exercising a power that could also be leveraged by private citizens. Weltover Inc., 504 U.S. at 614. Thus, the actions on which the claim is founded are not commercial in nature and the commercial activities exception to FSIA does not apply here. § 1605(a)(2); Fagot Rodriguez, 297 F.3d at 5-6.

**C. The Tortious Activity Exception**

Plaintiff also avers that her claim falls within FSIA's tortious activity exception to foreign sovereign immunity. 28 U.S.C. § 1605(a)(5). She contends that defendant's failure to acquire insurance pursuant to M.G.L. c. 152, § 66 comprises the requisite tortious conduct.

The tortious activity exception does not apply, however, to claims that involve the exercise of discretion. See Fagot Rodriguez, 297 F.3d at 8. A challenged government action is protected as discretionary if the conduct in question is a matter of choice or involves an element of judgment and if that judgment is of the kind that the discretionary function exception was designed to shield. Fagot Rodriguez, 297 F.3d at 9. The provision serves to prevent "judicial second guessing" of public policy decisions. Id.

Defendant does not dispute that its decision to maintain its own system of workers' compensation insurance involves an element of choice. Id.  The issue is whether defendant's choice is a legislative or administrative decision grounded in social, economic or political policy. Id.  In other words, the essential question here is whether the challenged action is based on "some plausible policy justification". Id. at 11.

The decision to provide benefits to workers injured in their employment is inherently grounded in a social, economic and political policy and is based on a plausible policy justification. Id. at 9, 11.  Because plaintiff's claim is based on defendant's decision to provide its own system of benefits and to remain uninsured in Massachusetts, the claim applies to discretionary conduct. 23 U.S.C. § 1605(a)(5)(i).  Accordingly, the tortious activity exception to FSIA does not apply to plaintiff's claim. Id.

### D. Conclusion

Because plaintiff has failed to demonstrate that one of the exceptions to FSIA applies here, defendant is presumptively immune from liability. 28 U.S.C. § 1604.  Accordingly, this Court lacks subject matter jurisdiction to hear plaintiff's case and declines to address the other arguments raised by defendant. Id.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction (Docket No. 12) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 7, 2017