UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA L. MERLINI, <br><br> Plaintiff, <br><br> vs. <br><br> CANADA, <br><br> Defendant | Civ. A. No. 1:17-cv-10519-NMG |

## JOINT STATEMENT

The parties jointly submit the following statement pursuant to Local Rule 16.1(d).

1.  Joint Discovery and Motion Plan.

The parties have been diligently exchanging information and preparing for mediation. The parties jointly submit the following schedule, which sets an outside date of March 26, 2021 for the parties to report the case settled or not settled.

| Event | Deadline after parties' report about settlement | "No later than" date |
|---|---|---|
| Answer or motion to dismiss due | 30 days | April 23, 2021 |
| Requests for production and interrogatories served | 45 days | May 7, 2021 |
| Depositions and other fact discovery complete | 10 months | January 21, 2022 |
| Motions for summary judgment filed | 11 months | February 25, 2022 |
| Trial experts identified and reports exchanged | 12 months | March 25, 2022 |
| Rebuttal experts identified and reports exchanged | 13 months | April 22, 2022 |
| Expert depositions completed | 14 months | May 20, 2022 |

1

2.	Other Matters to Be Discussed.

The plaintiff submits that the Court should address the question whether a second pre-answer motion to dismiss will be permitted. The plaintiff's position is that after a first pre-answer motion to dismiss is denied (or, as in this case, denied on appeal), the defendant must answer and the case should proceed, even though the defendant may then file another motion to dismiss for lack of jurisdiction or a motion for summary judgment. *See* Fed. R. Civ. P. 12(a)(4)(A) (if a pre-answer motion to dismiss is denied, "the responsive pleading must be served" within 14 days).

The defendant believes that while settlement efforts are ongoing, it is premature to decide whether the defendant will file a motion to dismiss. However, the defendant reserves the right to file a motion to dismiss prior to an answer in accordance with Fed. R. Civ. P. 12(h)(3). *See, e.g., BP Chems. Ltd. v. Jiangsu SOPO Corp.*, 420 F.3d 810, 811-12 (8th Cir. 2005) (addressing a second, evidence-based, motion to dismiss under the Foreign Sovereign Immunities Act ("FSIA") after a first FSIA motion to dismiss based on the face of the pleadings had been denied).

Respectfully submitted,

| CYNTHIA L. MERLINI | CANADA |
|---|---|
| By her attorney: | By its attorneys: |
| */s/ Theodore J. Folkman* | */s/ Chrisann Leal* |

Theodore J. Folkman (BBO No. 647642)
FOLKMAN LLC
53 State Street, Suite 500
Boston, MA 02109
(617) 219-9664
ted@folkman.law

Chrisann Leal (BBO No. 566402)
CURTIN, MURPHY & O'REILLY, P.C.
31 Saint James Avenue, 3rd Floor
Boston, MA 02116
(617) 574-1700
cleal@cmopc.com

Tony K. Lu (BBO No. 678791)
DENTONS US LLP
One Beacon Street, Suite 25300
Boston, MA 02108
(617) 235-6817
tony.lu@dentons.com

Simon A. Steel (*pro hac vice*)
Laura A. Seferian (*pro hac vice*)
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7077
simon.steel@dentons.com
laura.seferian@dentons.com

Dated:  November 23, 2020